IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TAMARA D. BLOOM, ) | |
| ) | |
| Petitioner, ) | Case No. CV 03-536-N-LMB |
| ) | |
| v. ) | |
| ) | MEMORANDUM DECISION |
| COMMISSIONER, SOCIAL SECURITY ) | AND ORDER |
| ADMINISTRATION, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Currently pending before the Court is Tamara D. Bloom's Complaint seeking remand of the final decision of the Social Security Administration denying her applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act. (Docket No. 1). The action is brought pursuant to 42 U.S.C. § 405(g).

Having carefully reviewed the record, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order remanding this case to the Administrative Law Judge for reconsideration.

**I.**

**ADMINISTRATIVE PROCEEDINGS**

Tamara D. Bloom ("Petitioner" or "Claimant") protectively filed for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act on December 18, 2001. (AR 60, 61, 200.) Petitioner alleged disability beginning November 19,

MEMORANDUM DECISION AND ORDER - 1

2001 as a result of fibromyalgia and depression. (AR 71, 94.) Petitioner's applications were denied initially and again after reconsideration. Petitioner filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). ALJ R.J. Payne held a hearing on July 11, 2003 at which time Petitioner, represented by counsel, appeared and testified. Dr. Robert Stier, a medical expert in internal medicine, and Deborah LaPoint, a vocational expert, also testified.

On September 4, 2003, the ALJ issued a decision denying Petitioner's claim because he found Petitioner has the residual functional capacity to perform a significant range of sedentary work and is therefore not under a disability as defined in the Social Security Act. (AR 20.) Petitioner thereafter requested the Appeals Council review the ALJ's decision. The Appeals Council denied Petitioner's request on November 24, 2003, making the ALJ's decision the final decision of the Commissioner of Social Security. (AR 5.)

Having exhausted her administrative remedies, Petitioner timely filed the instant action. Petitioner argues that the ALJ only considered her fibromyalgia and depression and requests that this matter be remanded pursuant to sentence six of 42 U.S.C. § 405(g) on the grounds she now possesses new and material evidence which warrants further evaluation and consideration by the ALJ. *Petitioner's Brief*, p. 2 (Docket 14).

## II.

## BACKGROUND

At the time of the hearing before the ALJ, Petitioner was 46 years of age with a high school education. Petitioner has past work experience as a retail salesperson and meat wrapper. (AR 14.)

Pending the resolution of this claim by the Appeals Council, Petitioner was treated by Dr. Puffer beginning on November 3, 2003. *Petitioner's Brief*, p. 2 (Docket No. 14). An x-ray was performed on the left knee that day, with the "impression" of the examining physician, Dr. Mark E. Weber, diagnosing osteoarthritis in the left knee. *Id.* Ex. 8. Dr. Puffer's treating notes from November 3, 2003 state that arthritis is suspected, with the diagnosis confirmed as osteoarthritis on November 17, 2003. *Id.* Ex. 5.

In May and June of 2004, Petitioner was able to obtain free/low-cost medical treatment from Dr. Troy Geyman, who appears from the record to have treated Petitioner three times. *Id.* Exs. 10-13. Dr. Geyman noted on May 12, 2004, at their first meeting, that Petitioner complained of left leg swelling and numbness, bilateral knee pain, fatigue, weight gain, and not feeling well. *Id.* Ex. 11. The second treatment, on June 14, 2004, specifically addressed the swelling and pain in Petitioner's left leg. *Id.* Ex. 12. At the third meeting on June 30, 2004, Dr. Geyman was able to review Petitioner's previous medical records and recommended an MRI of the lower back while reporting that the knee pain was "probably due to...arthritis." *Id.* Ex. 13. An MRI of the lumbar spine was executed to investigate the low back pain and left leg pain on July 8, 2004. *Id.* Ex. 9. The "impression" of the examining MRI physician, Dr. Mark E. Weber, was that there existed multi-level degenerative disc disease, with mild to moderate loss of disc height at multiple levels. *Id.*

On July 24, 2004, Petitioner visited Dr. Robert E. Rust for a "Social Security type examination." *Id.* Exs. 1-2. Dr. Rust diagnosed lumbar disc disease, arthritis in the knee, edema, well treated depression in a stable condition, and numbness in the thigh due to a pinched nerve at the edge of the pelvis. *Id.* Ex. 2. In summary, Dr. Rust found "that the patient is considerably

disabled at this time, but some of the disabilities are amenable to treatment.  In [his] opinion it is possible that this [treatment] could put her back into the work force in a more sedentary occupation." *Id.*

### III.

### STANDARD FOR REMAND

Petitioner "seeks relief from the Court on the grounds she now possesses new and material evidence, and evidence of a new and previously undiagnosed medical condition...all of which was not considered by the ALJ." *Petitioner's Brief*, p. 2 (Docket No. 14).  As such, the Court will limit its review to the analysis of the standard for remanding a case in which there exists new medical evidence under sentence six of 42 U.S.C. § 405(g).[1]

In determining whether to remand a case in light of new evidence, the court examines both whether the new evidence is material to a disability determination and whether a claimant has shown good cause for having failed to present the new evidence to the ALJ earlier.  *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001).

To be material under section 405(g), the new evidence must bear directly and substantially on the matter in dispute.  *Ward v. Schweiker*, 686 F.2d 762, 764 (9th Cir. 1982).  The petitioner must also demonstrate that there is a reasonable possibility that the new evidence would have changed the outcome of the administrative hearing.  *Booz v. Secretary of Health and Human Servs.*, 734 F.2d 1378, 1380-81 (9th Cir. 1983).

---

[1] "...court may...at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence in the record in a prior proceeding...."  42 U.S.C. § 405(g).

MEMORANDUM DECISION AND ORDER - 4

To show good cause, the claimant must demonstrate that the new evidence was unavailable earlier.  *Kay v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985) ("If new information surfaces after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding, the good cause requirement is met.").  A claimant does not meet the good cause requirement simply by obtaining a more favorable report from an expert witness once a claim is denied.  *Mayes*, 276 F.3d at 463.  As such, the claimant must also establish good cause for not having sought the expert's opinion earlier.  *Id.*

## IV.

## DISCUSSION

### A. Materiality

Petitioner seeks relief from the Court "on the grounds she now possesses new and material evidence, and evidence of a new and previously undiagnosed medical condition, specifically osteoarthritis."  *Petitioner's Brief*, p. 2. (Docket No. 14).  To be material under § 405(g), the new evidence must bear directly and substantially on the matter in dispute.  *Ward*, 686 F.2d at 764.

Petitioner states that the diagnosis of arthritis is material because it is new, supports her credibility, and supports a conclusion that she is considerably disabled. *Petitioner's Brief*, pp. 4-5.  Respondent asserts that the new evidence is not material because it would not have changed the outcome of the ALJ's decision as Dr. Rust's report post-dates the ALJ's decision by almost one year and does not necessarily reflect Petitioner's work capacity prior to the ALJ's decision. *Respondent's Brief*, p. 6 (Docket No. 16).

The record shows that although the first diagnosis of arthritis was in November of 2003, the onset date was at the latest roughly concurrent with the ALJ hearing and Administrative review process earlier in that year.  Though there are some discrepancies within the dates offered by treating physicians as to the exact onset date,[2] it is reasonable to assume that arthritis could have been the source of some of the alleged pain testified to by Petitioner during her application process.  (*See* AR 32, 71, 73, 74, 112.)  As such, the new diagnosis of arthritis does bear directly and substantially on the matter in dispute because the onset was roughly concurrent with the ALJ hearing and, potentially more telling, because it supports Petitioner's credibility.

Petitioner's new medical evidence is material because it supports her credibility.  The ALJ expressly ruled that "the medical evidence of record does not support the claimant's alleged limitations or severe levels of pain."  (AR 17.)  As the new medical evidence supports the allegations of pain that were rejected by the ALJ, the new diagnosis bears directly and substantially on the issue in dispute.

Petitioner must also demonstrate that there is a reasonable possibility that the new evidence would have changed the outcome of the administrative hearing to determine materiality.  *Booz,* 734 F.2d at 1380-81.  As a part of this determination, the court must review and consider the pertinent evidence.  *Falge v. Apfel*, 150 F.3d 1320 (11th Cir. 1998).

In reference to arthritis of the left knee, the question is analyzed under the Social Security Regulations Listing of Impairments, which defines the level of impairment necessary for a finding of disability.  20 CFR Pt. 404, Subpt. P, App. 1, § 1.02.  A major dysfunction of a joint

---

[2] Dr. Puffer reported the most specific onset date by noting that it began "two weeks" before the November 3, 2003 examination. *Petitioner's Brief*, Ex. 4.  Drs. Geyman and Rust both reported that the left knee pain began "a year ago," which would place the onset in June or July of 2003 *respectively*. *Id.* Exs. 1, 12.

MEMORANDUM DECISION AND ORDER - 6

due to arthritis is grounds for a finding of disability if the claimant shows (1) a gross anatomical deformity exists (subluxation, contracture, bony or fibrous ankylosis, instability), (2) chronic joint pain and stiffness (3) with signs of limitation of motion or other abnormal motion of the affected joint, and (4) findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis.  These symptoms must affect a major peripheral weight bearing joint resulting in an inability to ambulate effectively.  *Id.*  The inability to ambulate effectively means an extreme limitation of the ability to walk.  *Id.* at § 1.00(B)(2)(b).

The first requirement, a gross anatomical deformity, could be shown by the osteophytes (outgrowth of bone) diagnosed in the November 3, 2003 x-ray report.  *Petitioner's Brief*, Ex. 8.  The second necessary element, chronic pain and stiffness, is reported throughout the evidentiary medical record.  *Id.* Ex. 4.  The third element, a limitation of motion is diagnosed by Dr. Puffer on November 17, 2003.  *Id*. Ex. 5.  Joint space narrowing is also diagnosed in the initial x-ray.  *Id.* Ex. 8.  Each of these diagnoses must then result in the inability to ambulate effectively.  20 CFR Pt. 404, Subpt. P, App. 1, § 1.02.

A claimant must show an extreme limitation of the ability to walk manifested by a serious interference with the individual's ability to independently initiate, sustain, or complete activities.  Dr. Rust reported that the Petitioner "can't walk more than a short distance" and that "shopping is difficult for her," *Petitioner's Brief*, Ex. 1.  Though this Court's findings on the issue are not dispositive of this analysis, there appears to be a reasonable possibility that the arthritis diagnosis, considered cumulatively with the other previously diagnosed maladies, would have changed the outcome of the administrative hearing.

The issue of credibility is also relevant to this portion of the analysis. The ALJ expressly rejected the subjective allegations of pain made by Petitioner during the hearing. (AR 17.) Because the arthritis diagnosis plainly applies to the allegations of pain in the knees, which were noted by the ALJ, there is a reasonable possibility that the ALJ would find Petitioner's credibility more substantial if the new evidence was included in the analysis. *Id.*

Because the diagnosis directly supports the credibility of the Petitioner and represents an explanation of a source of pain complained of throughout the Administrative process, it is material to the dispute. Under the guidance offered by the Listing of Impairments in the Social Security Regulations and the relevance of the new medical evidence to the Petitioner's credibility, the Court finds that the evidence of arthritis in the left knee offered by Petitioner has a reasonable possibility of changing the ALJ's disability determination as required under *Booz*. The new evidence is material and provides a reasonable possibility for a different result.

**B.     Good Cause**

A claimant must also show that there exists good cause for not introducing the new evidence earlier. *Kay v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985). A claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim has been denied, rather, the claimant must demonstrate that the new evidence was unavailable earlier. *Id*.

Petitioner argues that the evidence of osteoarthritis was not in existence or available at the time of the administrative proceeding and that her financial limitations precluded her from attaining the medical evidence earlier. *Petitioner's Brief*, pp. 2, 5 (Docket No. 14). Petitioner

also argues that the quick action taken by the Appeals Council precluded the introduction of the evidence of osteoarthritis during the administrative process.  *Id*. p. 5.

Respondent argues that Petitioner has not shown good cause for failing to submit the new evidence earlier.  *Respondent's Brief*, p. 7.  Respondent notes that there is no indication that Petitioner submitted the November 3, 2003 medical evidence diagnosing arthritis to the Appeals Council, though that right is allowed by the Regulations.  *Id*.

Petitioner has shown good cause for not submitting the evidence at an earlier date.[3]  Because Petitioner was financially constrained from attaining the treatment earlier, under *Booz*, good cause is shown for not seeking the expert's opinions earlier.  734 F.2d at 1380.  In that case, the Ninth Circuit Court of Appeals found good cause for not submitting the evidence earlier for a claimant who was "of limited financial means and...apparently unable to find a qualified medical specialist to review his records."  *Id*.  Petitioner stated in her original application for benefits that she could not afford medical services and corroborated as much at the hearing before the ALJ.  (AR 78, 252-253.)  This financial constraint provides good cause for failing to either proffer this evidence or seek out a medical expert earlier.

Based on limited financial means, Petitioner had good cause for not submitting the three reports earlier.

---

[3] The first arthritis diagnosis, from Dr. Puffer, could arguably have been submitted prior to the Appeals Council decision as the initial diagnosis was roughly three weeks ahead of that disposition.  Petitioner argues that the action of the Appeals Council was too fast to reasonably submit the new evidence.  The timeline is close enough as to allow a presumption that the evidence could not reasonably have been offered prior to the Appeals Council's decision as the Social Security Act is remedial in nature and should be construed liberally and "not so as to withhold benefits in marginal cases."  *Smith v. Heckler*, 820 F.2d 1093, 1095 (9 th Cir. 1987).

MEMORANDUM DECISION AND ORDER - 9

V.

**CONCLUSION**

The new evidence is material because it bears upon the time period in question and because it supports Petitioner's credibility, which was expressly questioned by the ALJ in the original proceeding. Further, there is a reasonable possibility that the prior hearing may have been decided differently based on a consideration of the new evidence because of the substantiation of pain, related credibility, and the difficulty in ambulation. Finally, Petitioner has shown good cause for not submitting the evidence earlier as she has been, and continues to be, under financial and physical constraints which have limited her ability to obtain health care to fully diagnose and present that evidence at the hearing.

VI.

**ORDER**

Based on the foregoing, this matter is REMANDED to the Social Security Administration for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g) for the purpose of considering the new evidence.

DATED: **May 3, 2005**.

_____
Honorable Larry M. Boyle
Chief U. S. Magistrate Judge